THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LYNDA GARDNER and KANDRA L. AMBOH,<br><br>          Plaintiffs,<br><br>v.<br><br>UTE TRIBAL COURT OF THE UINTAH AND OURAY RESERVATION, HON. JEFFREY KURTZ, JUDGE, AND JEFF S. RASMUSSEN, ATTORNEY,<br><br>          Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-00106-DBB-DBP<br><br>District Judge David B. Barlow<br><br>Chief Magistrate Judge Dustin B. Pead |

Plaintiffs Lynda Gardner and Kandra Amboh, who are proceeding pro se, filed a petition for writ of habeas corpus for relief from Ute Tribal Court.[1] Before the court are several motions filed by the parties. Plaintiffs filed an Emergency Motion to Expedite Review[2] and Defendants filed multiple Motions to Dismiss.[3] Defendants also filed a Motion to Remand to the Ute Tribal Court.[4] The court then ordered a response by Plaintiffs to the respective motions.[5] Defendants then filed another Motion to Remand,[6] and Plaintiffs filed an Emergency Motion for Immediate

---

[1] ECF No. 1. This case is referred to the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from Judge Barlow. (ECF No. 18.)

[2] ECF No. 6.

[3] ECF No. 7, ECF No. 8.

[4] ECF No. 14.

[5] ECF No. 15, ECF No. 16.

[6] ECF No. 17.

Removal[7], a Motion for Immediate Removal[8], and an Emergency Motion.[9] In total that is eight motions revolving around proceedings in the Ute Tribal Court. As set forth herein, the undersigned recommends that this matter be remanded back to the Ute Tribal Court and Plaintiffs' Motions be denied.

## BACKGROUND

Plaintiff Lynda Gardner and Kandra Amboh are both enrolled members of federally recognized Indian Tribes. They filed their Complaint for Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303. Section 1303 provides "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."[10]

In their Complaint, Plaintiffs describe circumstances surrounding proceedings before the Ute Tribal Court. Amboh alleges two violations of the Indian Civil Rights Act.[11] First, she claims the Indian Tribe violated her right to counsel in violation of 25 U.S.C. § 1302(6).[12] And second, Amboh alleges she was denied the right to a jury trial in violation of 25 U.S.C. § 1302(10).[13] Defendants contest these alleged violations.

On April 15, 2025, Plaintiffs also filed a "Notice of Removal" citing to 28 U.S.C. 1441 and 1446.[14] In the Notice, Plaintiffs request this court assume "full jurisdiction over this

---

[7] ECF No. 19.
[8] ECF No. 25.
[9] ECF No. 32.
[10] 25 U.S.C. § 1303.
[11] 25 U.S.C. § 1302.
[12] Complaint at 4-5.
[13] Complaint at 5-6.
[14] ECF No. 11.

action"[15] and reference a trial that is set for May 24, 2025, that is before the Ute Indian Tribal Court.[16] Plaintiffs assert alleged violations of double jeopardy, and provide details concerning a "First Trial" and a "Second Trial" where Amboh was forced to enter pleas of non-guilty.

## DISCUSSION

In considering the memoranda from the parties and the record before the court, the undersigned finds fatal flaws with Plaintiffs' case. First, in construing Plaintiffs' pleadings broadly because they are proceeding pro se,[17] it appears Plaintiffs are seeking to remove a criminal case to this court that is before the Court of the Ute Indian Tribe. Plaintiffs' Notice of Removal cites 28 U.S.C. § 1441[18] and 28 U.S.C. § 1446.[19] Neither of these statutes permit removal of a criminal case from a tribal court. Uncited by Plaintiffs is 28 U.S.C. § 1455, which provides the procedure for removing criminal prosecutions from a State court to a United States District Court.[20] To remove a criminal prosecution under this statue one must file a notice of

---

[15] Notice of Removal at 1.

[16] The Notice states a "Second Trial is set on May 24, 2005." Because that date is long past the court presumes Plaintiffs intended date is May 24, 2025.

[17] Plaintiffs proceed pro se. Therefore, the court reviews Plaintiff's "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). For pro se parties, the court makes allowances for "'failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence structure, or unfamiliarity with the pleading requirements'". *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (alteration omitted). However, the court will not construct arguments on a plaintiff's behalf and a plaintiff must comply with "'the same rules of procedure that govern other litigants.'" *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (requiring a pro se litigant to "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

[18] 28 U.S.C. § 1441 provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

[19] Under 28 U.S.C. § 1446 a "defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446.

[20] "A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the

removal "not later than 30 days after the arraignment in the State court, …."[21] Plaintiffs failed to file a timely notice of removal and have failed to show good cause for an exception. Accordingly, this matter should be summarily remanded to the Ute Indian Tribe's Court pursuant to 28 U.S.C. § 1455(b)(4).[22]

Next, based upon the pleadings before the court, Plaintiffs allegations of error are rejected. According to Defendants, a jury trial is scheduled in this case for May 22, 2025. Plaintiffs refer to this scheduled trial in their pleadings. And contrary to Amboh's allegations, Defendants note that the Tribe's public defender has represented Amboh. Plaintiffs' arguments otherwise are unfounded and are rejected. Defendants' arguments for dismissing this matter and remanding it back to the Ute Tribal Court are well taken.

Finally, the court has considered Plaintiffs' emergency motions and finds them unmeritorious. The court finds no reason to intervene in a matter that is properly before the Ute Trial Court.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that this case be dismissed and remanded to the Ute Indian Tribal Court.[23] Plaintiffs' respective Motions should be DENIED.

---

grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455.

[21] 28 U.S.C § 1455(b).

[22] "The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

[23] 28 U.S.C. § 1447 provides "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Thus, the court may order Plaintiffs to pay a filing fee for this case, along with Defendants costs, including attorney fees. Plaintiffs did pay the filing fee of $405 in this case, *see* Complaint ECF No. 1, so the court declines Defendants' request to "impose costs of $405.00, payable to this Court." Motion for Summary Remand and Related Relief at 5, ECF No. 14. Given the multiplicity and nature of Plaintiffs' filings, Plaintiffs do come dangerously close to being required to

**NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[24] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court of for appellate review."[25] Failure to object may constitute a waiver of the objections upon subsequent review.

DATED this 20 May 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

pay Defendants' attorney fees and costs. Plaintiffs are warned that future frivolous filings, or unreasonably and vexatiously multiplying proceedings, may lead to the imposition of sanctions including fees, costs, and filing restrictions. The court notes that Plaintiff Kandra Amboh is currently involved in 3 other cases before this court.

24 *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

25 *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).