THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LYNDA GARDNER and KANDRA L. AMBOH,<br><br>Plaintiffs,<br><br>v.<br><br>UTE TRIBAL COURT OF THE UINTAH AND OURAY RESERVAVTION, JEFFREY KURTZ, and JEFF S. RASMUSSEN.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING [33] REPORT AND RECOMMENDATION AND OVERRULING [35] OBJECTION**<br><br>Case No. 2:25-cv-106<br><br>District Judge David Barlow |

Before the court is United States Chief Magistrate Judge Dustin B. Pead's Report and Recommendation to dismiss Lynda Gardner and Kandra L. Amboh's ("Plaintiffs") case.[1] Plaintiffs filed a timely objection.[2] For the reasons stated below, the court overrules Plaintiffs' objection, adopts the Report and Recommendation, and dismisses the action.

**BACKGROUND**

Plaintiffs, who are both enrolled members of federally recognized Indian Tribes, have requested a writ of habeas corpus "for relief from tribal right to trial."[3] They allege that their rights have been violated by a criminal trial before the Ute Tribal Indian Court, which they have attempted to remove to this court.[4] Plaintiffs have also requested an injunction to prevent the

---

[1] Report and Recommendation ("R&R") 4, ECF No. 33, filed May 20, 2025.
[2] Pl. Obj. to Mag. J. R. & R. ("Obj."), ECF No. 35, filed May 27, 2025.
[3] Complaint, ECF No. 1, filed February 13, 2025.
[4] Notice of Removal, ECF No. 11, filed April 15, 2025; Emergency Motion for Immediate Removal, ECF No. 25, filed May 9, 2025; Emergency Motion with Time Deadline for Stay and for Injunction Pending Appeal Relief, ECF No. 32, filed May 19, 2025. This trial was apparently set for May 24, 2025. See R&R 3.

criminal trial.[5] Defendants Ute Tribal Court of the Uintah and Ouray Reservation, Jeffrey Kurtz, and Jeffrey Rasmussen (collectively "Defendants") moved to dismiss the case[6] and to remand the matter to the Ute Indian Tribal Court.[7] On May 20, 2025, the magistrate judge issued a report recommending that the court dismiss this case.[8] Plaintiffs filed a timely objection.[9]

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection. To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[10] "[G]eneral objection[s] [are] insufficient" to preserve the issue for appellate review.[11] This court "reviews unobjected-to portions of a report and recommendation for clear error."[12] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[13] The court will "set aside the magistrate judge's order" as contrary to law "if it applied an incorrect legal standard."[14]

---

[5] Emergency Motion with Time Deadline for Stay and for Injunctive Pending Appeal, ECF No. 32, filed May 19, 2025.
[6] Motion to Dismiss, ECF No. 7, filed April 9, 2025; Defendants Ute Tribal Court of the Uintah and Ouray Reservation's and Honorable Jeffrey Kurtz's Motion to Dismiss, ECF No. 8, filed April 10, 2025.
[7] Motion for Summary Remand and Related Relief, ECF No. 14, filed April 28, 2025; Defendants Ute Tribal Court of the Uintah and Ouray Reservation's and Honorable Jeffrey Kurtz's Motion for Summary Remand and Related Relief, ECF No. 17, filed May 1, 2025.
[8] R&R 4.
[9] Obj. 1.
[10] See United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996).
[11] Moore v. Astrue, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing 2121 E. 30th St., 73 F.3d at 1060).
[12] Johnson v. Progressive Leasing, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah 2023) (citing Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); see Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[13] United States v. Gypsum Co., 333 U.S. 364, 395 (1948); see also Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).
[14] Vivint, Inc. v. Alarm.com Inc., No. 2:15-cv-392, 2020 WL 3871346, at *5 (D. Utah 2020) (cleaned up).

## DISCUSSION

The magistrate judge recommends dismissing Plaintiffs' case.[15] The report first points out that the statutes referenced by Plaintiffs to remove their case to this court do not permit the removal of a criminal case from a tribal court and that Plaintiffs have failed to file a timely notice of removal.[16] Next, it recommends granting Defendants' motions to dismiss, as Plaintiffs have not alleged any error in the tribal criminal action.[17] Finally, the magistrate finds that Plaintiffs' motions for injunctive relief should be dismissed, as there is no reason for the court to intervene in a matter properly before the Ute Tribal Court.[18]

Plaintiffs' objection does not address these deficiencies, but instead requests a preliminary injunction to stop Defendants "from enforcing Ute Tribal Order or from otherwise attempting to enforce the tribal court jurisdiction."[19] Plaintiffs do not offer a specific objection to the magistrate judge's analysis on the court's lack of removal jurisdiction, rejection of Plaintiffs' allegations of error, or finding that Plaintiffs' emergency motions are unmeritorious. Therefore, the Report and Recommendation is reviewed for clear error.

The magistrate judge's analysis and conclusion are not clearly erroneous. Accordingly, the court adopts the Report and Recommendation.

---

[15] R&R 4.
[16] *Id.* at 3.
[17] *Id.* at 4.
[18] *Id.*
[19] Obj. 2.

## ORDER

For the reasons stated above, the court OVERRULES Plaintiffs' Objection to the Magistrate Judge's Report and Recommendation.[20] The Report and Recommendation is ADOPTED.[21]

Signed June 4, 2025.

BY THE COURT

David Barlow
United States District Judge

---

[20] ECF No. 34.
[21] ECF No. 33 (denying ECF Nos. 6, 19, 25, 32 and granting ECF Nos. 7, 8, 14, 17).